IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23456-CIV-MORENO/TORRES

JOHN LEZDEY and GERM )
PATROL, LLC, )
                                                                          )
    Plaintiffs, )
                                                                          )
v. )
                                                                          )
A.B.C. COMPOUNDING COMPANY, INC., )
                                                                          )
    Defendant. )
_____)

**<u>CONFIDENTIALITY AND PROTECTIVE ORDER</u>**

This action is before the Court upon the motion of Defendant A.B.C. Compounding, Inc. pursuant to Federal Rule of Civil Procedure 26(c). The Court finds that discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing confidential information and witness testimony containing confidential information. Accordingly, it is hereby

ORDERED AND ADJUDGED:

A Confidentiality and Protective Order ("this Order") is entered in the above-styled case as follows:

1. This Order shall govern the handling of all discovery including documents, records, tangible materials, testimony, responses to discovery and

CASE NO. 10-23456-CIV-MORENO/TORRES

other information produced, served, disclosed or filed (and all copies, excerpts and summaries) in connection with this litigation (hereinafter "discovery material").

2. Nothing in this Order shall limit the use of any discovery material at trial, except as ordered by the Court upon application by either party.

3. A party may designate discovery material "CONFIDENTIAL" if the party reasonably believes the discovery material includes (a) trade secrets as defined by Florida Statute 688.002(4), which provides that Trade Secret means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; or (b) related proprietary information.

4. A party may designate discovery material "CONFIDENTIAL - COUNSEL'S EYES ONLY" if it reasonably and in good faith believes the discovery material includes CONFIDENTIAL information that would cause irreparable harm to the producing party in the event of disclosure to individuals not authorized below.

5.  This Order shall not apply to discovery material already in the possession of a party to this action or received from a third party not obligated under this Order or that, prior to disclosure in this action, was publicly known, or that, after disclosure, becomes publicly known other than by act or omission of the recipient of the material or its agents, whether or not such material is also received from a party and designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY.

6.  To the extent that a document contains some information that is CONFIDENTIAL - COUNSEL'S EYES ONLY and other information that is CONFIDENTIAL, it is the duty of the designating party to specify what portion is CONFIDENTIAL - COUNSEL'S EYES ONLY. The receiving party can make a copy of such a document with the CONFIDENTIAL - COUNSEL'S EYES ONLY material redacted and may provide such a redacted copy to any person authorized under this Order to receive CONFIDENTIAL material.

7.  Access to discovery material (or the substance of such material) designated CONFIDENTIAL - COUNSEL'S EYES ONLY, shall be limited to:

    (a)  The attorneys for the parties to this litigation and the employees of such attorneys to whom counsel, in good faith, believe it is necessary that the discovery material be disclosed to assist in the conduct of this litigation including commercial copiers and similar outside litigation support firms;

(b) Independent experts or consultants, retained for the purpose of aiding the attorneys of record in this litigation, provided that: (i) such persons are not presently affiliated or associated with, or employed by, any competitor of a party, and (ii) such persons have executed the undertaking attached hereto as Exhibit A, and notice is provided to the party that produced the discovery material at least five (5) business days prior to disclosure;

(c) If the discovery material is documentary in form, any person who is shown on the document as an author or recipient of it;

(d) Any witness testifying under oath who was previously i) an employee, officer or director of; ii) an individual or an employee of any entity that was a consultant, licensee to or licensor of, or iii) an individual or an employee of any entity that was an assignee to or assignor of; the party who produced such CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material but only with respect to CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material to which such person or entity had actual access at any time during his or her association to the party or that such person participated in preparing, provided said person has, in advance of disclosure, executed the undertaking of Exhibit A;

(e) (i) the Court and court personnel, and (ii) court reporters, videographers and others necessarily incident to the conduct of discovery; and

(f) Any other person by stipulation of the party that produced the information or by order of the Court.

8. Access to discovery material (or the substance of such material) designated CONFIDENTIAL, shall be limited to:

(a) Any person to whom discovery material labeled "CONFIDENTIAL - COUNSEL'S EYES ONLY" may be disclosed pursuant to paragraph 7 above;

(b) Officers, directors and employees of any party, provided that such non-officer, non-director employees are required to assist counsel in the litigation;

(c) Deponents who, prior to disclosure of any CONFIDENTIAL information under this Order, were an authorized recipient of or had other authorized access to such CONFIDENTIAL information, provided each such deponent has executed the undertaking attached hereto as Exhibit A prior to disclosure of CONFIDENTIAL information under this Order.

9. CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material shall be designated by:

CASE NO. 10-23456-CIV-MORENO/TORRES

(a) Documents may be marked CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY on each page of the document prior to production. Compact discs, electronic storage devices, videotapes, tangible objects and the like (hereinafter collectively "Objects") should be physically marked with stickers, tags or the like. If marking is not feasible, a designation may be made by letter. Documents and Objects may be produced for inspection before being so marked. Once specific documents or Objects have been selected for copying, any documents or Objects containing CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material will then be marked before delivery to the party who selected the documents or Objects. There is no waiver of confidentiality by the inspection of discovery material before they are copied and marked pursuant to this procedure. The parties agree to treat all discovery material inspected, and the information contained therein, as CONFIDENTIAL - COUNSEL'S EYES ONLY until such time as the discovery materials are marked, if necessary, and delivered to the selecting party.

(b) Interrogatory answers shall be marked CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY on each confidential page.

(c) Depositions that contain CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY material shall be identified by a statement on the record, by counsel, at the time of such disclosure. The court

CASE NO. 10-23456-CIV-MORENO/TORRES

reporter shall affix the appropriate legend on the face of the transcript or otherwise specially segregate those parts of the transcript. Alternatively, either designation may be made by any party within ten (10) days of receiving the deposition transcripts and the parties agree to maintain all deposition transcripts CONFIDENTIAL - COUNSEL'S EYES ONLY for at least ten (10) days following receipt to allow for such designation by the other party.

10. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by bates number, or description if no bates number was affixed thereto, within thirty (30) days of the entry of this Order. Documents unintentionally produced without designation as CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

11. If a person present at a deposition is not authorized under this Order to receive CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material to be disclosed by counsel or the witness at the deposition under the terms of this Order, that person shall leave the deposition room while such material is being disclosed or used during the deposition.

12. In the event additional parties join or are joined in this litigation, they shall not have access to CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S

EYES ONLY discovery material until the newly joined party, by its counsel, has executed its agreement to be fully bound by this Order.

13. Any party seeking to file with the Court, documents or material, including, without limitation, pleadings, motions, memoranda or briefs, that contain CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material, shall notify the producing party in writing at least three (3) business days prior to the date of intended filing, specifically identifying the discovery material to be filed and the intended date of filing. If the producing party objects to the filing of the identified discovery material, and the parties are unable to resolve the objection, the producing party shall move the Court to allow the documents to be filed under seal. If the Court grants leave to file the documents under seal, the filing party shall file the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material in sealed envelopes marked CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY. Alternatively, the party seeking to file CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material may file the discovery material in a sealed envelope concurrently with a motion to file under seal, to the extent permitted by the Court.

14. A party is not obligated to challenge a designation when made, and failure to do so shall not preclude a subsequent challenge. If a party challenges

a designation, it shall give notice to the producing party, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either party may apply for a ruling from the Court by motion pursuant to the Local Rules governing discovery motions. In the event of a challenge to the designation of any material, the designating party shall have the burden of establishing that the document is entitled to protection as CONFIDENTIAL or CONFIDENTIAL-COUNSEL'S EYES ONLY.

15. If any person or party receiving CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material under this Order ("the Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, and said subpoena, demand or legal process seeks material that was designated by a party or non-party subpoena recipient as CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY, the Receiver shall provide prompt, actual written notice, by hand or facsimile transmission, of receipt of such subpoena, demand or legal process to counsel for the designating party. If the designating party interposes an objection prior to the date production is due, then the Receiver (i) shall not produce the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery

CASE NO. 10-23456-CIV-MORENO/TORRES

material without consent of the designating party or court order, including, if necessary, in the interim by objecting to production of the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material to the extent permitted by law, and responding to any effort to enforce the subpoena, demand or other legal process by setting forth the existence of this Order and the designating party's objection, and (ii) shall keep counsel for the designating party fully apprised of all efforts to enforce the subpoena, demand or other legal process as well as the Receiver's responses thereto. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring the Receiver to challenge or appeal any order requiring production of CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

16. Within sixty (60) days of the conclusion of this action, including any appeals, all CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY material shall be returned by the receiving party to the producing party, or shall be destroyed by the receiving party, which shall confirm destruction in writing. Notwithstanding the foregoing, counsel of record may retain one complete set of correspondence, pleadings (including any exhibits thereto), and depositions (including any exhibits thereto),and any privileged communications, or attorney

CASE NO. 10-23456-CIV-MORENO/TORRES

work product containing CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY material, subject to the provisions of this Order.

17. Nothing in this Order shall prevent or restrict counsel from rendering legal advice to the named parties or any other parties whom counsel may represent with respect to this litigation and, in the course thereof, referring or relying generally on counsel's examination of material produced in the course of discovery proceedings herein, but without disclosing the specific content of any material the disclosure of which disclosure shall be contrary to the terms of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of May, ~~April~~, 2011.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Federico A. Moreno
    Counsel of record

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23456-CIV-MORENO/TORRES

| | |
|---|---|
| JOHN LEZDEY and GERM PATROL, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| A.B.C. COMPOUNDING COMPANY, INC., | ) ) |
| Defendant. | ) ) |

## ACKNOWLEDGMENT OF CONFIDENTIALITY

The undersigned hereby acknowledges that he or she has read the Confidentiality and Protective Order (the "ORDER") in the above-referenced action and confirms that:

1. I have read and understand the contents of the ORDER dated _____ in the above-captioned litigation.

2. I am executing this Acknowledgment and agreeing to observe the conditions provided in the ORDER prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information.

CASE NO. 10-23456-CIV-MORENO/TORRES

3. I expressly agree that:

(a) I have read and shall be fully bound by the terms of the ORDER;

(b) All documents, things and information that are disclosed to me pursuant to the ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the ORDER;

(c) I shall not use or refer to any of the documents, things and/or any information so designated other than in connection with this litigation and as prescribed in the ORDER;

(d) With respect to CONFIDENTIAL - COUNSEL'S EYES ONLY information, I shall not disclose this information except in accordance with the ORDER, and I shall not disclose this information to any party except upon the written stipulation of the parties or Order of the Court.

(e) I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for _____ at such counsel's

CASE NO. 10-23456-CIV-MORENO/TORRES

expense, and I shall destroy any notes or memoranda I have that in any way concern the substance embraced by such documents, things and/or information.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the ORDER.

Dated: _____

_____
(Signature)
Print name and address:

_____

_____